RANDOLPH, Justice,
Concurring in Part and in Result.
¶ 56. I concur with the Majority’s result, but not with the finding that the plaintiffs’ lack of standing prohibits this Court from exercising subject matter jurisdiction. I conclude that this Court’s inquiry into whether the St. Paul property is held in trust, vel non, is constitutionally prohibited. Our forefathers condemned such an exercise via the Free Exercise Clause of the First Amendment. See U.S. Const, amend. I. That clause clearly precludes governmental intrusion into ecclesiastical disputes. The appropriate forum for resolution of such disputes is an ecclesiastical court, thus, no appeal should lie in a secular court. As this dispute is between various parishioners and the Catholic Diocese of Biloxi, Inc., the appropriate jurisdictional venue lies in the Roman Catholic Church’s ecclesiastical tribunals, which already have ruled adversely to the parishioners’ claims. Appeal of that verdict then rests with the Bishop of Rome, the Pope, then ultimately to the “Creator” whom our forefathers referred to as “the Supreme Judge of the world.” See Declaration of Independence ¶ 32.
¶ 57. I concur with Section B of the Majority Opinion, which finds that the chancery court does have subject matter jurisdiction over a claim for breach of fiduciary duty regarding an alleged diversion of monies designated for a particular purpose.
PIERCE, J., JOINS THIS OPINION IN PART.